# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BORDELON MARINE INC. | CIVIL ACTION |
| VERSUS | NO. 22-3046 |
| LASHIP, LLC, ET AL | SECTION : L (5) |

### ORDER AND REASONS

The Court has before it Defendants' Motion in Limine to Exclude Expert Testimony. R. Doc. 19. Plaintiff has responded in opposition. R. Doc. 22. Having considered the briefing and the applicable law, the Court rules as follows.

I.     **BACKGROUND**

This case arises out of alleged damage to M/V Shelia Bordelon ("Plaintiff's Vessel") when Defendant vessel M/V Joshua Chouest ("Defendants' Vessel") owned by Reel Pipe, LLC ("Reel Pipe") became unmoored and allided with Plaintiff's Vessel in the Houma Navigation Canal. R. Doc. 1 at 2-3. Plaintiff alleges that LaShip, L.L.C. ("LaShip") was in possession or custody of Defendants' Vessel when it became unmoored on August 29, 2021, when Hurricane Ida made landfall. *Id.* Plaintiff alleges that though there was ample time to prepare for the natural disaster, none of the Defendants took reasonable steps to provide additional mooring or other preventative measures to secure Defendants' Vessel. *Id.* at 4. Plaintiff alleges that Plaintiff's Vessel sustained significant damage due to the allision with Defendant's Vessel. *Id.* at 4-5. Defendants deny liability for the alleged damage. R. Doc. 8.

## II.   PRESENT MOTION

Defendants now move this Court to exclude any expert testimony Plaintiff might seek to offer at trial, asserting that Plaintiff has failed to properly disclose any expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2). R. Doc. 19. In response, Plaintiff argues that it produced the expert report of Marine Surveyor Tim Anselmi to Defendants on January 31, 2023, long before the May 1, 2023[1] expert report deadline. R. Doc. 22 at 1. Plaintiff asserts that on January 31, 2023, it also produced a schedule for repairs and a summary of repairs produced in-house by Plaintiff's Vice-President Dirk Cortez, who may offer opinion testimony at trial as a non-retained expert. *Id.* at 2. Defendants argue that these productions do not fulfil the requirements of Rule 26(a)(2), and that Plaintiff's proffered expert testimony must be excluded under Rule 37(c).

## III.   DISCUSSION

Under Rule 37(c), a party that fails to disclose information required by Rule 26(a) shall not be permitted to use that information as evidence at trial unless that failure is either substantially justified or harmless. Plaintiff argues that this Court should not exclude the expert testimony of retained expert Tim Anselmi, nor the expert testimony of non-retained expert Dirk Cortez, because it asserts that it made adequate disclosures for both Anselmi and Cortez prior to the May 1, 2023 expert report deadline. Because the requirements for disclosing expert

---

[1] Under Rule 26(a)(2)(D), parties to a suit must make certain disclosures about their expected expert trial testimony "at the times and in the sequence that the court orders." In this case, the Court set the deadline for Plaintiff to make its expert disclosures on March 31, 2023. R. Doc. 10. However, the parties independently decided to extend this deadline to May 1, 2023. R. Doc. 19-2. Because the parties agree that the May 1, 2023 deadline should apply, the Court will consider Defendants' motion with the presumption that May 1, 2023 was the applicable deadline for Plaintiff's expert disclosures.

testimony under Rule 26(a)(2) are different for retained and non-retained experts, the Court will discuss Anselmi and Cortez separately.

### A. Retained Expert Anselmi

Under Rule 26(a)(2)(B), a party must submit, by the set deadline, expert disclosures for any retained expert, including:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, Plaintiff submitted prior to the deadline an expert report from Anselmi constituting required items (i)–(iii). R. Doc. 22-1 at 5–15; *see also* R. Doc. 19-3 at 6. However, it was not until Plaintiff filed its response in opposition to Defendants' instant motion, R. Doc. 22, that Plaintiff submitted items (iv)–(vi). *See* R. Doc. 22-1 at 13–22.

The Fifth Circuit has identified four factors for use in determining whether to exclude expert testimony under Rule 37(c) for failure to comply with Rule 26(a)(2): (1) the party's explanation for its failure to disclose; (2) the prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance, and (4) the importance of the evidence (the "*Hamburger* factors"). *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Plaintiff does not present any explanation for its late disclosures, but argues that Defendants have suffered no prejudice thereby, or if any prejudice was suffered, that this was cured by the Court's recent continuance of trial in this matter. R. Doc. 22 at 2. Defendants do not identify any particular prejudice that they have suffered as a result of Plaintiff's late disclosures, but assert that they would suffer prejudice if Plaintiff "decided to identify experts at this stage[.]" R. Doc. 19-1 at 4.

Defendants have been in possession of Anselmi's actual expert report since January 31, 2023, lacking disclosures only as to Anselmi's qualifications, other cases in which he has testified as an expert, and Anselmi's rates. Thus, Defendants have been aware of the expert testimony Plaintiff intended to put on through Anselmi for almost five months. Given that fact, and given that trial in this matter has been continued and will now not take place until August 28, 2023, approximately two months from the date of issuance of this Order, the Court finds that Plaintiff's failure to timely disclose Anselmi's qualifications, other cases in which he has testified as an expert, and Anselmi's rates prior to the expert discovery deadline, while a clear violation of Rule 26(a)(2)(B), was harmless. Defendants still have adequate time to depose Anselmi about his expert testimony and to otherwise prepare to address it at trial. Accordingly, the Court declines to exclude Anselmi's testimony under Rule 37(c).

### B. Non-retained Expert Cortez

Under Rule 26(a)(2)(C), non-retained witnesses need not provide a written report. However, Rule 26(a)(2)(C) still requires the party presenting the non-retained expert to make certain disclosures prior to the expert report deadline, including: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

Here, Plaintiff asserts that expert testimony from its non-retained expert Cortez should not be excluded under Rule 37(c) because Plaintiff produced, prior to the expert witness deadline, "a schedule for repairs and a summary of repairs which were produced in-house by its Vice President Dirk Corte[,]" the witness at issue. R. Doc. 22 at 1. However, as Defendants point out, this document does not identify Cortez in any way, nor does the document indicate that it will form the basis or subject matter of any expert opinion. *See* R. Doc. 25-2. Plaintiff did not even produce this document in response to a interrogatory pertaining to witnesses, expert or otherwise, but rather as an "itemized list of . . . damages" that it was claiming.

Looking to the *Hamburger* factors, Plaintiff has provided no explanation for its failure to properly disclose Cortez's expert testimony in accordance with Rule 26(a)(2)(C).  Defendants were not noticed in any way that Cortez would be testifying as a non-retained expert prior to Plaintiff filing its opposition to the instant motion, almost two months beyond the applicable deadline, and trial is now just two months away. For these reasons, Defendants will be prejudiced if Plaintiff is permitted to present expert testimony from Cortez at trial, the Court's recent continuance of trial notwithstanding. Finally, Plaintiff makes no argument as to the importance of the evidence it intends to put on through Cortez as a non-retained expert.

Accordingly, Plaintiff's failure to properly disclose Cortez's expert testimony was not substantially justified or harmless. The Court thus holds that any expert testimony from Cortez must be excluded under Rule 37(c). As Plaintiff's Vice President, Cortez may of course still testify as a lay and/or fact witness, if applicable.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion in Limine to Exclude Expert Testimony, R. Doc. 19, is hereby **GRANTED IN PART** and **DENIED IN PART** as set out in this Order.

New Orleans, Louisiana, this 27th day of June, 2023

_____
United States District Judge