UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BORDELON MARINE, INC. | * | CIVIL ACTION NO. 2:22:cv-03046 |
| | * | |
| VERSUS | * | |
| | * | |
| LASHIP, L.L.C., *in personam*; | * | SECTION " L" |
| REEL PIPE, L.L.C., *in personam*; | * | JUDGE ELDON E. FALLON |
| OFFSHORE SERVICE VESSELS, | * | |
| L.L.C. formerly EDISON CHOUEST | * | |
| OFFSHORE, *in personam;* and | * | |
| M/V JOSHUA CHOUEST, bearing | * | |
| Official No. 1203475, her Engines, | * | MAGISTRATE "5" |
| Tackle, Furniture, Apparel, | * | MAGISTRATE JUDGE MICHAEL NORTH |
| Appurtenances, etc., *in rem* | * | |
| | * | |

**ORDER AND REASONS**

The Court has before it Plaintiff's Motion for Summary Judgment, R. Doc. 57, arguing that the collateral source rule precludes Defendants from using Plaintiff's accrued maintenance days under its charter for repairs allegedly caused by Defendants. R. Doc. 57. After review of the motion, memoranda, applicable law, and hearing oral argument on the matter, the Court rules as follows.

I.     BACKGROUND

This case arises out of alleged damage to M/V Shelia Bordelon ("Plaintiff's Vessel") when Defendant vessel M/V Joshua Chouest ("Defendants' Vessel") owned by Reel Pipe, LLC ("Reel Pipe") became unmoored and allided with Plaintiff's Vessel in the Houma Navigation Canal. R. Doc. 1 at 2-4. Plaintiff alleges that LaShip, L.L.C. ("LaShip") was in possession or custody of Defendants' Vessel when it became unmoored on August 29, 2021, when Hurricane Ida made landfall. *Id.* Plaintiff alleges that though there was ample time to prepare for the natural disaster,

1

none of the Defendants took reasonable steps to provide additional mooring or other preventative measures to secure Defendants' Vessel. *Id*. at 4. Plaintiff alleges that Plaintiff's Vessel sustained significant damage due to the allision with Defendant's Vessel. *Id.* at 4-5. Defendants deny liability for the alleged damage. R. Doc. 8. Defendants plead five defenses: 1) that certain claims of Plaintiff fail to state a right or cause of action upon which relief may be granted, 2) Defendant admits certain facts and generally denies the rest, 3) that Plaintiff's alleged damages were caused solely by the fault and negligence of Plaintiff or others besides Defendants, 4) that if it is found that Plaintiff's fault and/or negligence was responsible for damages that Defendants are entitled to have any award or recovery mitigated accordingly, and 5) force majeure.

The parties have had several discovery disputes over the course of this litigation. A joint motion for a protective order was granted on March 3, 2023 covering most materials produced during the discovery process in recognition of the sensitive commercial nature of many of the relevant documents and evidence. R. Doc. 16.  More recently, Defendants filed a Motion in Limine to Exclude Expert Testimony, R. Doc. 19 (granted in part, denied in part by this Court), a Motion in Limine to Preclude Witnesses Not Timely Disclosed, R. Doc. 30 (granted by this Court), and a Motion to Compel Plaintiff to identify the charterer and charter agreement(s) relevant to the time periods at issue in the case, R. Doc. 31 (granted by Magistrate Judge North), among others.

## II.    PRESENT MOTION

Plaintiff filed a Motion for Summary Judgment arguing that the maintenance days under its charter party with a third party are a collateral source and cannot be used by Defendants to reduce their damages. R. Doc. 57. Defendants responded in opposition arguing that Plaintiff is trying to use the collateral source rule to abrogate its duty to mitigate damages. R. Doc. 69.

## III.    APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

The collateral source rule is a generally recognized principle of tort law that "bars a tortfeasor from reducing the damages it owes to a plaintiff 'by the amount of recovery the plaintiff receives from other sources of compensation that are independent of (or collateral to) the tortfeasor.'" *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 304 (5th Cir. 2008) (quoting *Davis v. Odeco, Inc.*, 18 F.3d 1237, 1243 (5th Cir. 1994)); *see also* RESTATEMENT (SECOND) OF TORTS § 920A (AM. L. INST. 1977). The rule is justified, in part, on the theory that a tortfeasor should not avoid liability for the consequences of its misconduct merely because a plaintiff had the foresight or good fortune to have another source of funds available to cover its damages. *Davis*, 18 F.3d at 1243 n.21; *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 358 (5th Cir. 2016) ("Thus, the rule reflects a policy determination: better a potential windfall for the injured plaintiff than the liable tortfeasor."). In the insurance context, the Fifth Circuit explained that "[i]f tortfeasors could set off compensation available to plaintiffs through collateral sources, then plaintiffs who pay their own

3

insurance premiums would suffer a net loss because they would derive no benefit from any premiums paid." *Id.*

The Eastern District of Louisiana has applied a similar logic in vessel collisions when one had repair time built into its charter. In *Stavanger Prince K/S v. M/V Joseph Patrick Eckstein*, two ships collided and Stavanger K/S, owner of one of the vessels, claimed an off-hire loss of ten days as it underwent repairs. 1993 WL 21471, at *1 (Jan. 27, 1993). Under its charter at the time, the ship "had accumulated 170 hours" of what its charter called clause 53 benefits, but it had "incurred 130.67 hours of non-collision, post repair off-hire time." *Id.* Before the court was whether the defendant was entitled to the "39.33 hours of surplus credits" Stavanger had from its charter. *Id.* The court answered in the negative, explaining "[t]o the extent this off-hire credit was unused due to collision, and was not later available to the owners to offset subsequent non-collision related off-hire periods, it is a direct loss to Stavanger K/S." *Id.* Like the Fifth Circuit's insurance premium example, the plaintiff there would suffer a net loss.

## IV. DISCUSSION

*Stavanger K/S* is on point and demonstrates that Plaintiff's accrued maintenance days under its charter should be characterized as a collateral source. Defendants seek to distinguish *Stavanger K/S* from the case at bar because they argue they are not asking for *unused* maintenance days, days that Plaintiff would lose for charter-related purposes, but instead ask whether the repairs Plaintiff seeks in this litigation could be done in tandem with these already scheduled repairs, in which case Plaintiff can mitigate its loss of hire, loss of downtime, and loss of revenue claims. R. Doc. 69 at 1-3. Thus, Defendants reframe the issue before this Court as not about a collateral source of funds (Plaintiff's accrued maintenance days under its charter with a third party) but rather about whether

4

Plaintiff failed to mitigate its damages by not exploring the possibility of repairing the hull at the same time as these pre-scheduled maintenance days. *Id.*

Regardless of whether Plaintiff could perform the hull repairs concurrently with the already scheduled repairs and inspections under the charter, (which it argues it cannot and that Defendants know that it cannot), the collateral source rule nevertheless bars Defendants from obtaining such a windfall. *See Deperrodil*, 842 F.3d at 358. The maintenance days are a benefit of Plaintiff's earned through a third-party charter, and Defendants are not entitled to offset any potential award they may owe against these days Plaintiff accrued independent of (collateral to) Defendants' alleged damages.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, R. Doc. 57, is hereby **GRANTED.**

New Orleans, Louisiana, this 14th day of August, 2023.

_____
United States District Judge